**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEF ROBINSON, | Case No.: 16-CV-3035 YGR |
|     **Plaintiff,** | **ORDER GRANTING STAY; VACATING CASE MANAGEMENT CONFERENCE; SETTING COMPLIANCE HEARING** |
|     v. | |
| DIGNITY HEALTH D/B/A CHANDLER REGIONAL MEDICAL CENTER, | DKT. NO. 64 |
|     **Defendant.** | |

Defendant Dignity Health dba Chandler Regional Medical Center ("Chandler") moves for an order staying this action pending the resolution by the United States Supreme Court of *Gloucester County School Board v. G.G.,* No. 16-273, on the grounds that the Supreme Court's resolution of one of the questions would decide an issue central to the complaint of Plaintiff Josef Robinson, and a stay would affect efficient administrative of justice while imposing no harm on Plaintiff. Plaintiff opposes the motion.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** the Motion to Stay.[1]

Plaintiff Josef Robinson, a transgender employee of Chandler, filed a lawsuit against Chandler on June 6, 2016. The complaint alleges that Chandler discriminated against Robinson on the basis of sex by excluding coverage for "sex transformation" surgery from Chandler's health plan. Robinson alleges that the exclusion violates the anti-discrimination provisions of Title VII section 1557 of the Patient Protection and Affordable Care Act (ACA), 42 U.S.C. § 18116. Section 1557 expressly incorporates the sex discrimination prohibition of Title IX. *See* 42 U.S.C. § 18116

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **December 13, 2016.**

("Except as otherwise provided for in this title … an individual shall not, on the ground[s] prohibited under … title IX of the Education Amendments of 1972 (20 U.S.C. 1681 et seq.) … be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity" receiving federal funds).

On September 27, 2016, the Court heard oral argument on Chandler's still-pending motions to dismiss and to change venue.

On October 28, 2016, the Supreme Court granted *certiorari* in *Gloucester County*, on two of the three questions posed:

> 2. If [the] *Auer* [doctrine concerning deference to an agency opinion] is retained, should deference extend to an unpublished agency letter that, among other things, does not carry the force of law and was adopted in the context of the very dispute in which deference is sought?
> 3. With or without deference to the agency, should the Department's specific interpretation of Title IX and 34 C.F.R. § 106.33 be given effect?

*Gloucester County School Bd. v. G.G.*, 2016 WL 4610979 (U.S.); *see Gloucester Cty. Sch. Bd. v. G.G. ex rel. Grimm*, No. 16-273, 2016 WL 4565643, at *1 (U.S. Oct. 28, 2016). Dignity argues that the Supreme Court's decision in *Gloucester County* will decide the issue of whether Title IX's ban on sex discrimination includes discrimination on the basis of gender identity, and therefore the meaning of the sex discrimination prohibition for purposes of section 1557 of the ACA as well. Thus, Dignity contends that this action should be stayed pending the Supreme Court's decision.

## II. APPLICABLE STANDARD

A district court has discretionary power to stay proceedings in its own court under *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule … does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863–64. While a court's discretion to stay matters pending before it is broad, such discretion is not unfettered. *See*

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).  "[I]f there is even a fair possibility that the stay for which he prays will work damage to someone else," the party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.  The length of a stay must be proportionate to "the strength of the justification given for it."  *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  A greater showing is required to justify especially long stays, or those of "indefinite" term. *Id.*; *Dependable Highway Exp.*, 498 F.3d at 1066.  Thus, in determining whether to exercise its discretion to stay the case, a court must weigh:

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc.* v. *Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

### III.   ANALYSIS

Here, Plaintiff's claim under the ACA would be directly affected by an interpretation of Title IX addressed to the meaning of "on the basis of sex," since that definition is expressly incorporated into the text of section 1557.  The meaning of that phrase is the subject of Question 3 in the *Gloucester County* petition for *certiorari*, on which review was granted.  While it is true that Question 3 concerns one of the exceptions under Title IX, which permits recipients of federal funds to provide separate but comparable facilities shower and bathroom facilities on the basis of sex (as stated in 34 C.F.R. § 106.33), the central issue there, as here, is whether "sex" encompasses gender identity for purposes of anti-discrimination protection under the statute.  Further, the Ninth Circuit has held that Congress meant similar substantive standards to apply under Title IX and Title VII when interpreting the meaning of "on the basis of sex."  *Emeldi v. University of Oregon*, 698 F.3d 715, 724 (9th Cir. 2012) (citation omitted), *cert. denied,* 133 S.Ct. 1997 (2013).  Certainly, the Supreme Court could decide the two questions it has certified for review more narrowly, reaching only issues of administrative law and deference, the questions under consideration indicate that the issue in this case is squarely before it for decision as well.  Thus, a stay to await the Supreme

United States District Court
Northern District of California

1 Court's decision would serve the orderly administration of justice and simplify the issues in the

2 litigation, given the high likelihood that the decision in *Gloucester County* would affect the

3 decision of one or both of Plaintiff's claims.  The Court notes that, unlike the cases cited by the

4 parties in which a sister court or administrative proceeding could have an effect, here the key

5 question posed by this litigation is before our highest court, making its pronouncements far more

6 significant to the outcome here.

7     In terms of harm that might result from granting a stay while awaiting the decision, such

8 harm is minimized if not completely eliminated by the change in Chandler's policy that will go into

9 effect in less than one month.  Chandler has offered evidence that it will change the policy at issue

10 in this litigation as of January 1, 2017, such that it will no longer exclude from coverage treatment,

11 drugs, service, and supplies for or leading to, sex transformation surgeries, such as the hormone

12 therapy, chest surgery, and phalloplasty for which Plaintiff sought coverage here.  (Declaration of

13 Eva-Marie Palermo at ¶ 4.)  Chandler acknowledges that it will and must make this change due to

14 the ACA's implementing regulations at 45 C.F.R. § 92.207, which provide that a covered entity

15 shall not

> [d]eny or limit coverage … for any health services that are ordinarily or
> exclusively available to individuals of one sex, to a transgender individual based
> on the fact that an individual's sex assigned at birth, gender identity, or gender
> otherwise recorded is different from the one to which such health services are
> ordinarily or exclusively available; [h]ave or implement a categorical coverage
> exclusion or limitation for all health services related to gender transition; … or
> [o]therwise deny or limit coverage … for specific health services related to
> gender transition if such denial, limitation, or restriction results in
> discrimination against a transgender individual.

22 45 C.F.R. § 92.207 (b) (3)-(5).  Thus, the policy challenged in the instant case will be eliminated.

23 While this leaves for decision questions of whether Chandler's previous denial of coverage was a

24 violation of Title VII and the ACA, with this change in policy the harm Robinson suffered from

25 those past denials will not be compounded during a temporary stay of the litigation awaiting the

26 Supreme Court's decision this term.

27     As to the factor considering hardship or inequity to Chandler, the Court agrees that normal

28 costs of litigation or risks that a decision could be affected by a contrary Supreme Court

1  determination are not sufficient to justify a stay.  *See Lockyer*, 398 F.3d at 1112 ("[B]eing required

2  to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the

3  meaning of *Landis*.")  Consequently, this factor does not weigh in favor of a stay, but leaves the

4  equities as between the parties essentially in equipoise.  As a consequence, the Court finds that

5  considerations of the orderly and efficient administration of justice counsel a stay under the

6  circumstances.

7          Based upon the foregoing, the Motion to Stay is **GRANTED**.

8          The case management conference set for December 13, 2016, is **VACATED**.  This matter is

9  set for a compliance hearing regarding the status of the Gloucester County case on March 17, 2017,

10  on the Court's 9:01 a.m. calendar.  Five business days prior to the compliance hearing, the parties

11  shall file a joint status report of no more than three pages.  Upon review of the status report, the

12  Court may vacate the compliance hearing.

13          This terminates Docket No. 64.

14          **IT IS SO ORDERED**.

15  Date: December 6, 2016

16          **YVONNE GONZALEZ ROGERS**
        **UNITED STATES DISTRICT COURT JUDGE**